UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STAR CO RANGER DIGITAL, LLC, a Texas company, | |
| Plaintiff, | CASE NO. 2:14-cv-00793 (JRG-RSP) |
| vs. | **JURY DEMANDED** |
| MICROSOFT CORPORATION, a Washington corporation; IMATION CORP., a Delaware corporation; KINGSTON TECHNOLOGY COMPANY, INC., a Delaware corporation; AMERICAN AIRLINES, INC., a Delaware corporation; AMERICAN AIRLINES GROUP INC., a Delaware corporation;  BLACK KNIGHT FINANCIAL TECHNOLOGY SOLUTIONS, LLC, a Delaware company. | |
| Defendants. | |

**Plaintiff STAR CO Ranger Digital, LLC's Unopposed Motion to
Amend its Infringement Contentions and
Extend the Deadline for Defendants' Invalidity Contentions**

I.   **Introduction.**

Plaintiff STAR CO Ranger Digital moves to (1) amend its infringement contentions to correct the asserted priority date, and (2) extend the deadline for Defendants to serve invalidity contentions. The motion is unopposed.[1]

II.  **Background.**

Plaintiff's original infringement contentions contained an error. Specifically, the original contentions incorrectly listed a priority date of no later than "May 3, 2010," rather than "November 19, 2002." Cho decl. ¶3. The error was made when the incorrect date was copied from the face of the patent while preparing the infringement contentions. *Id.* May 3, 2010 is the filing date of the patent, while November 19, 2002, is the filing date of the original parent application. Both dates appear on the face of the patent, and the incorrect date was accidentally used in the original version of the infringement contentions. *Id.*

Plaintiff discovered the error on January 12, 2015, and notified Defendants of the error within hours of finding the error. *Id.* at ¶4. Defendants do not oppose the amendment to the infringement contentions, but requested an extension of time until March 5, 2015 for their invalidity contentions. Plaintiff agreed to the extension. This motion follows.

III. **All factors weigh in favor of granting leave to amend.**

"The Court has broad discretion to allow amendments to infringement contentions and considers four factors in ruling on motions for leave to do so: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Alexsam, Inc. v. IDT Corp.*, No. 2:07-CV-420-CE, 2011

---

[1] While Defendants do not oppose the motion for leave to amend the infringement contentions, they do not concede that the asserted patent is entitled to the Nov. 19, 2002 priority date. Defendants reserve the right to challenge the priority date of the asserted patent.

WL 108725, at *1 (E.D. Tex. Jan. 12, 2011).

### A. The explanation for the delay.

Courts have allowed amendments to infringement contentions where an honest mistake was made and Plaintiff was diligent in alerting Defendants after discovering the error. *See*, *e.g. OpenDNS, Inc. v. Select Notifications Media, LLC*, No. C11-05101 EJD HRL, 2013 WL 2422623, at *3 (N.D. Cal. June 3, 2013) (amendment allowed where, "considering SNM corrected its mistake hours after OpenDNS brought the mistake to light, it appears that SNM acted diligently as soon as it discovered the mistake.") (applying the Northern District of California's local patent rules); *Apple Inc. v. Samsung Electronics Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5-6 (N.D. Cal. Nov. 15, 2012) (allowing amendment where it "appears that Apple acted diligently as soon as it discovered the mistake."). Here, the reason for the delay was an honest mistake; specifically, the wrong date was accidentally copied from the face of the patent. Cho decl. ¶3. Within hours of discovering the mistake, Plaintiff disclosed the error to Defendants and served amended infringement contentions. *Id.* Thus, this factor weighs in favor of allowing amendment.

### B. The importance of the thing that would be excluded.

The priority date is very important to a patent case because it determines what references can be used as prior art in an invalidity analysis. *See*, *e.g.* 35 U.S.C. §102. Here, the difference between the incorrect date (May 3, 2010) and the correct date (November 19, 2002) is over seven years. If the incorrect date were used, Defendants would assert many references from that intervening seven year period as invalidating art. This weighs very heavily in favor of granting the motion to amend.

### C. The potential prejudice in allowing the thing that would be excluded.

There is no prejudice from allowing amendment where the close of fact discovery is

2

months away and Defendants have "ample time…to address [the] supplemented contentions." *Garmin Ltd. v. Tomtom, Inc.*, No. 2:06-CV-338(LED), 2007 WL 2903843, at *8 (E.D. Tex. Oct. 3, 2007) (no prejudice where the close of fact discovery is four months away and trial is a fourteen months away). Here, Defendants have ample time to address the amended contentions. Discovery opened just two months ago, and will remain open for almost seven more months. Dkt. 60. The claim construction process has not yet begun, and the trial date is about a year away. Thus, there is no prejudice to Defendants. *See Beneficial Innovations, Inc. v. Blockdot, Inc.*, Case No. 2:07-CV-265, 1 (May 27, 2010) (granting a motion to amend infringement contentions because "the potential prejudice to the defendants is minimized" where trial is five months away); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 206 CV 272, 2008 WL 1930299, at *2 (E.D. Tex. Apr. 30, 2008) ("Any resulting prejudice that Bretford and CSAV may suffer would be slight" where "[t]rial is still six months away.").

**D. The availability of a continuance to cure prejudice.**

As discussed above, there is no prejudice to Defendants. Accordingly, no continuance is necessary to cure any prejudice. This factor also weighs in favor of granting Plaintiff's motion.

**IV. Conclusion.**

For the foregoing reasons, Plaintiff's motion for leave to file amended infringement contentions and extend the deadline for Defendants' invalidity contentions should be granted.

Date: January 20, 2015  Respectfully submitted,

*/Christin Cho/*
Christin Cho
CA State Bar No. 238173
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
Email: christin@dovellaw.com

3

>Gregory S. Dovel
>CA State Bar No. 135387
>(admitted to practice before the U.S. District Court for the Eastern District of Texas)
>Email: greg@dovellaw.com
>***Dovel & Luner, LLP***
>201 Santa Monica Blvd., Suite 600
>Santa Monica, CA 90401
>Telephone: 310-656-7066
>Facsimile: 310-657-7069
>
>ATTORNEYS FOR PLAINTIFF
>STAR CO RANGER DIGITAL LLC

**Certificate of Service**

I certify that this document is being filed electronically and, as a result, is being served on counsel of record through the Electronic Filing System on the filing date listed above.

>/s/ *Christin Cho*

**Certificate of Conference**

I certify that that counsel for Plaintiff and Defendants met and conferred in compliance with the meet-and-confer requirement of Local Rule CV-7(h).

>/s/ *Christin Cho*